Ruffin, Chief Justice,
after stating the substance of the bill as above, proceeded as follows : — The Court is of opinion that such a bill cannot be sustained. The contracts of a wife during coverture, are void as to herself, and enure to the benefit of the husband. She cannot acquire property by her own earnings, or upon her own engagement as a purchaser distinct from her husband. This is the general rule in equity as well as at law. But it is said that in equity she may have a separate estate, and that in respect to that she is regarded as a feme sole. Where she gets an estate to her separate use by devise or donation, in which cases the owner may give to any purposes and upon any conditions that to him may seem meet, she is as to such estate thus vested, a feme sole. But by a bargain of her own, and especially by a mere executory contract, she cannot constitute herself a feme sole. If she could the marital rights of the husband would virtually cease to exist in equity. It is said in this case, that she had other separate estate which was purchased by a brother to her separate use; and that in respect of that, and on the credit of it, she might make the contract that is the subject of this suit. After the creation of a separate estate the wife may bind it, and herself in respect of it, by a contract touching or incumbering it. But such an estate *39 does not give her the power of contracting generally, any more than she ha$ before; that is to say, upon any subject but the separate estate. There is no proof however that even the articles purchased by 'the brother are in a situation to be viewed as the wife’s separate property. The brother seems to have purchased and merely allowed the use to his sister of his property, as his, by way of charity. But if there be actually a conveyance it can make no difference, because this contract had no connexion with that estate, and was not entered into upon the faith of it; and moreover, because the bill does not allege any such separate estate. The bill is founded solely upon the idea that this slave is her separate property, and that she is constituted a feme sole as to it, by force of the contract with the defendant above. If it were the law, then every contract of the wife would be valid in equity, both as against the person with whom she contracts and against her husband, which cannot be pretended. She cannot make an execu-tory agreement, and thereby constitute herself a feme sole. The interest is in the husband and not in her.
The bill must therefore be dismissed; but without costs. The evidence satisfies us, that the defendant has deceived the plaintiff and her friends. He did agree to purchase for her, and under the general belief of that fact, the creditors of the husband allowed .him to purchase at or under value, and he now appropriates the profit to himself. He has therefore no merits which entitle him to recover costs. _
Per Curiam. Bill dismissed.